UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10755-GAO

JON D. GRUCHY, JOHN JUNKINS, and DEREK INGEMI,
individually and on behalf of all other persons similarly situated,
Plaintiffs,

v.

DIRECTECH DELAWARE, INC., a/k/a DIRECTECH SATELLITE SERVICES,
and DIRECTECH HOLDING CO., INC.,
Defendants.

OPINION AND ORDER
September 30, 2010

O'TOOLE, D.J.

The plaintiffs, Jon D. Gruchy, John Junkins, and Derek Ingemi, on behalf of themselves and all other similarly situated technicians, have brought suit against the defendants, DirecTech Delaware, Inc., a/k/a Direct Satellite Services, and DirecTech Holding, Co., Inc. (collectively, "DirecTech"),[1] alleging that the defendants have violated the Fair Labor Standards Act ("FLSA") by failing to pay technicians overtime for hours worked in excess of forty per week. The defendants now move for summary judgment on the basis that the plaintiffs are excepted from the FLSA as commission-based employees under the FLSA's retail or service establishment exemption.

**I.    Background**

DirecTech is a company that contracts with DirecTV to act as a Home Service Provider ("HSP") for the installation, service, and repair of DirecTV satellite equipment in the homes of

---

[1] The exact relationship between the various DirecTech entities involved in the suit and otherwise identified in the pleadings is unclear, but it is sufficient at this stage to refer to them collectively as "DirecTech."

its customers. DirecTV pays DirecTech for its work in accordance with the contract memorializing their arrangement, the HSP Agreement, executed in 2005 and again in 2007. Although the company provides some repair and installation services relating to home security systems and high speed internet, most of DirecTech's revenue is derived from providing in-home service to customers with DirecTV satellite systems.

The plaintiffs were each employed by DirecTech as technicians. DirecTech technicians perform installation, service, and repair work for satellite equipment in residential homes. A software program, called Siebel, is used to assign and route technicians to jobs. Technicians access their assigned work orders online or through facsimile. The number of jobs a technician may be assigned fluctuates from week to week. Additionally, the types of assignments an individual performs may vary. Technicians cannot call DirecTV directly to receive more orders. However, if a technician completes his assignments, he can call his supervisor to inquire about the availability of additional work if, for instance, another technician is running behind and cannot finish all of his assignments.

Technician compensation is calculated by the number and type of jobs performed. They are paid a flat payment for each service they complete. The flat payment for each type of service is determined in advance and is set forth on a pay scale. Technicians are paid the applicable amount regardless of how many hours it takes to complete a particular service.

Technicians may receive other compensation as well. They may perform custom work for which they would receive seventy-five percent of the revenue, sell additional services and electronic products, or refer a friend to DirecTV for the purchase of goods and/or services. They also receive payments unrelated to their service work, such as training pay, holiday and vacation pay, and occasional bonuses, but the sum totals no more than five percent of their pay in a

particular pay period. The parties appear to agree that the amounts actually received by the technicians through these additional avenues are insignificant to the issue now presented.

Since DirecTech and DirecTV executed the 2005 HSP Agreement, the rates earned by DirecTech from DirecTV for installation and repair services have generally decreased. The rates which technicians receive from DirecTech for performing those services, however, have generally remained the same. The plaintiffs point to specific examples by comparing 2005 and 2007 figures, but it appears that the copy of the 2005 HSP Agreement they submitted as an exhibit is redacted and the rates are omitted. Nevertheless, it is undisputed and supported by the record that, in general, the rates per service earned by DirecTech have declined, while the rates per service earned by technicians have remained steady.

## II.    Discussion

The FLSA requires that employees be compensated for hours worked in excess of forty in a single workweek at a rate of pay of not less than one and one-half times an employee's regular rate. 29 U.S.C. § 207(a); Cash v. Cycle Craft Co., Inc., 508 F.3d 680, 682-83 (1st Cir. 2007). The FLSA also establishes various exemptions from this general rule, including an exemption for commissioned employees of a retail or service establishment. 29 U.S.C. § 207(i). This exemption provides in relevant part that:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

Id.

Thus, the retail or service establishment exemption applies where: (1) the employee was employed by a retail or service establishment; (2) the employee's regular rate of pay exceeded

3

one and one-half times the minimum hourly rate; and (3) more than half of the employee's compensation for a representative period of not less than one month represented commissions on goods or services. Id. The employer bears the burden of proving the applicability of the exemption. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 7 (1st Cir. 1997). Because of the remedial nature of the FLSA, exemptions are to be narrowly construed and "limited to those establishments plainly and unmistakably within their terms and spirit." Id. (quoting Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960)).

Here, there is no dispute that DirecTech is a retail or service establishment under the exemption. The central issues, then, are whether the regular rate of pay for the employees is in excess of one and one-half times the minimum hourly rate and whether more than fifty percent of their compensation represents a bona fide commission. Because resolving either issue in the negative will determine the outcome of the summary judgment motion, I turn directly to the commission issue.

In order to qualify for the exemption, more than one half of the technician's compensation for a representative period must be based on commissions. Needless to say, a commission for the purposes of the FLSA exemption must be bona fide; an employer cannot merely call a compensation system "commission-based" to evade the FLSA overtime requirements. In re DirecTech Southwest, Inc., Fair Labor Standards Act (FLSA) Litig., MDL No. 1984, slip op. at 31 (J.P.M.L. Nov. 18, 2009); see also Erichs v. Venator Grp., Inc., 128 F. Supp. 2d 1255, 1260 (N.D. Cal. 2001) (noting that by requiring a commission rate to be bona fide, "Congress apparently envisions a smell test"). Yet, while it is clear that a commission system must be bona fide, the definition of "commission" finds little illumination in the statute or

its regulations. Likewise, the First Circuit has not yet enunciated a standard for evaluating whether a commission is bona fide for the purposes of the FLSA.

The parties disagree as to the appropriate definition of "commission" for purposes of this case. The defendants essentially argue that because the plaintiffs' pay fluctuates from week to week and because they have an "incentive to hustle" to complete each job efficiently, thereby increasing their effective rate of pay per hour, they are paid commissions.[2] In response, the plaintiffs contend that a compensation system is not commission-based unless some measure of proportionality exists between the amount earned by the employee and the charge passed off to customers. They maintain that the technicians are not paid a commission, but rather, are compensated on a piecework basis whereby an employee is paid per task without regard to the amount of revenue generated by the service.

Case law on the question when payments may constitute a commission is sparse. Some cases have required a demonstration that there be a proportional relationship between the employee's compensation and the price customers pay in order for the compensation to be considered a commission. See, e.g., Wilks v. Pep Boys, No. 3:02-0837, 2006 WL 2821700 (M.D. Tenn. Sept. 26, 2006), aff'd 278 F. App'x 488, 489-90 (6th Cir. 2008).

The First Circuit has not spoken to the specific question, although the law in this circuit is that FLSA exemptions are to be narrowly construed, see Reich, 126 F.3d at 7, and that principle might help the plaintiffs. It is also true that commissions are often expressed in percentage terms, thus explicitly establishing a proportionality between the customer price and the employee compensation. See, e.g., Black's Law Dictionary 306 (9th ed. 2009) ("a fee paid to an agent or

---

[2] It is worth noting that the DirecTech technicians cannot simply elect to work more hours so as to increase their sales, and in turn, their earnings. Unless another technician is unable to complete his own work, a technician may not increase his actual earnings simply by going faster.

employee for a particular transaction, usu[ally] as a percentage of the money received from the transaction"); Merriam-Webster's Collegiate Dictionary 249 (11th ed. 2003) ("a fee paid to an agent or employee for transacting a piece of business or performing a service; esp[ecially] a percentage of the money received from a total paid to the agent responsible for the business"). But because a commission is often expressed as a percentage does not mean that it necessarily must be, or that flat rate payments made to employees as incentives to generate more sales revenue could not be considered commissions in appropriate circumstances. See Parker v. Nutrisystem, Inc., --- F.3d ---, 2010 WL 3465054, at *9 (3d Cir. Sept. 7, 2010) (flat rate payments qualified as commissions); Huntley v. Bonner's, Inc., No. C02-1004L, 2003 WL 24133000, at *2 (W.D. Wash. Aug. 14, 2003) ("It is beyond dispute that a 'flat rate' compensation system can be a commission-based system."). Given the absence of clear guidance on the question, I conclude that it is more prudent to try to answer it on a fully elaborated trial record rather than a documentary summary judgment record. For that reason, the defendants' motion for summary judgment on the point is denied.

### III.    Conclusion

For the foregoing reasons, the defendants' Motion for Summary Judgment Based on Application of Retail Service Commission Exemption (dkt. no. 43) is DENIED. The plaintiffs' Motion to Strike Portions of the Affidavit of Thomas Beaudreau and Exhibits 8, 12 and 16 (dkt. no. 54) is DENIED, although I note that I did not consider the contested affidavit evidence and exhibits in resolving the motion.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge